JEANNE DE NAULT, Respondent, *v.* FRIEDMAN & Co., INC., Appellant, Impleaded with CARL HASKINS and Another, Defendants.

First Department, February 15, 1935.

*Harry Meisnere* of counsel [*Blodgett & Smith,* attorneys], for the appellant.

*Aaron Lipper* of counsel [*Walter J. Keeley* with him on the brief; *Aaron Lipper,* attorney], for the respondent.

McAVOY, J.   Plaintiff has recovered damages from the defendants Carl and Edith Haskins for an alleged breach of warranty, and from Friedman & Co., Inc., for negligence.

The plaintiff's testimony is to the effect that on August 31, 1933, she purchased a frankfurter and roll from defendants Carl and Edith Haskins; that mustard was applied by Mrs. Haskins to the frankfurter after it was placed in the roll; that after taking a bite and masticating it she felt something very hard crush underneath her teeth; that she immediately expectorated the substance on her hand and found therein a piece of glass, as a result of which she sustained injuries to her throat; that she then complained to defendant Carl Haskins, who put his thumb in the frankfurter and was cut by a piece of glass located therein; that he informed her that the frankfurter had been purchased from the defendant Friedman & Co., Inc.

Whether the glass was in the frankfurter, the roll or the mustard is not clearly indicated in the record.

Defendant Edith Haskins denied that her husband, Carl Haskins, had probed the frankfurter with his finger and was cut by a piece of glass as asserted by plaintiff.   She said that her husband cut

his finger when he picked up the piece of glass plaintiff said was in the frankfurter; that she informed plaintiff the frankfurter was purchased from Friedman & Co., Inc., but later discovered that it was purchased from a jobber who sold frankfurters manufactured by other makers.

The defendant Friedman & Co., Inc., contended it had not manufactured the frankfurter in question. It showed by its records that the last sale made to Haskins was on August 5, 1933, and it adduced proof which fairly indicated that frankfurters, even though they are frozen, will not keep under the most favorable conditions, particularly during the summer months, for a period of over two weeks; that they spoil and become unfit for use as food.

We find no proof here that the frankfurter was a product of defendant Friedman & Co., Inc.

Plaintiff failed to establish the negligence of the defendant Friedman & Co., Inc., and, consequently, judgment should have been rendered in its favor.

The judgment in so far as it is against the defendant Friedman & Co., Inc., should be reversed, with costs, and the complaint as to said defendant dismissed, with costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Judgment appealed from in so far as it is against the defendant Friedman & Co., Inc., reversed, with costs to the appellant, and the complaint as to said defendant dismissed, with costs.